**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**

| | |
|---|---|
| Gwyniece Hutchins, ) | |
| ) | C.A. No. 8:09-cv-00346-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| United States Department of Labor, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

      This case involves a dispute over the interpretation of the Federal Employees' Compensation Act ("FECA" or the "Act") provision requiring beneficiaries under the Act to repay to the United States a portion of any recovery the beneficiary collects from a third-party due to the third-party's liability for the beneficiary's injury. *See* 5 U.S.C. § 8132 (the "Subrogation Statute"). Plaintiff Gwyniece Hutchins ("Hutchins") contends that the Defendant United States Department of Labor ("DOL") has incorrectly interpreted the term "person," as used in § 8132, to include political subdivisions of States and, therefore, has wrongfully required Plaintiff to pay Defendant amounts not owed under the statute. Currently before the court are Hutchins's Motion for Summary Judgment [Doc. 36] and DOL's Motion for Summary Judgment [Doc. 39]. Based upon the record before the court, Hutchins's Motion for Summary Judgment is denied and DOL's Motion for Summary Judgment is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

      The Plaintiff, Gwyniece Hutchins, a letter carrier with the United States Postal Service in Ninety Six, South Carolina, sustained an injury on August 12, 2004, when she stepped on an

1

improperly fitted manhole cover maintained by the Town of Ninety-Six. Because Hutchins was injured in the course of her duties as an employee of the Postal Service, Hutchins filed a federal worker's compensation claim under the FECA for her injuries related to the accident. The Office of Workers' Compensation Programs ("OWCP"), the agency delegated authority to administer the FECA, accepted Hutchins's claim as covered by the FECA. Hutchins received compensation benefits under the FECA, including medical benefits and wage-loss compensation.

Hutchins sued the Town of Ninety Six, as the responsible third-party, in the Court of Common Pleas, Greenwood County, South Carolina, and obtained a $275,000 judgment against the Town of Ninety Six. Thereafter, DOL, through OWCP, asserted that it was entitled to recover $87,905.37 of the amount recovered by Hutchins from the Town of Ninety Six. Hutchins opposed Defendant's assertion of the right to reimbursement and requested a formal decision on whether a refund was owed. By decision dated April 8, 2008, OWCP issued a decision finding that Hutchins was obligated pursuant to § 8132 to refund $87,905.37 to the United States. Hutchins appealed the decision to the Employees' Compensation Appeals Board ("ECAB"), an independent review Board within the DOL under the FECA, *see* 5 U.S.C. § 8149, that reviews determinations made by OWCP under the FECA. By decision dated January 26, 2009, ECAB affirmed OWCP's decision that Hutchins was obligated to refund $87,905.37 from her third-party recovery against the Town of Ninety-Six. Thereafter, Hutchins filed suit in this Court alleging that DOL had violated the United States Constitution in asserting § 8132 against her third-party recovery from the Town of Ninety Six.

**LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

**DISCUSSION**

Plaintiff argues that the Subrogation Statute of the FECA does not apply to her third-party recovery from the Town of Ninety-Six because the statute applies only when the injuries are caused by a "person" with legal liability. According to Hutchins's argument, the Town of Ninety Six is not a "person", as the term is used in §§ 8131 and 8132. Plaintiff argues that DOL's interpretation of the word "person" in the FECA Subrogation Statute is overly broad and unconstitutionally violates State sovereign immunity. DOL asserts that its interpretation of the Subrogation Statute effects the intention of Congress in enacting the statute and that soveriegn immunity is not implicated by its interpretation.

Section 8132 of the FECA provides that "[i]f an injury or death for which compensation is payable under [the FECA] is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as the result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the costs of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States." 5 U.S.C. § 8132 (emphasis added). The FECA imposes only two conditions precedent to an employee's obligation to reimburse the United States under the Subrogation Statute. "The first is that the employee must have suffered an injury or death under circumstances creating a legal liability in a third party to pay damages. The second is that the employee or his beneficiaries must have received money or other property in satisfaction of that liability." *U.S. v. Lorenzetti*, 467 U.S. 167, 174 (1984).

The FECA does not expressly define the term "person" within the Act. However, Congress made it clear in the Dictionary Act that "person" includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. The term has been extended to municipal corporations and bodies politic unless a more limited use is indicated by Congress in the context of the statute. *See Cook County, Ill. v. U.S. ex rel. Chandler*, 538 U.S. 119, 127 (2003). Nothing in the context of the Subrogation Statute indicates that Congress intended for the term "person" to exclude municipalities. The context of the statute actually indicates the opposite. The statute provides that reimbursement arises where a beneficiary's injuries are caused by circumstances "creating a legal liability in *a person other than the United States*." Congress's use of the United States, a body politic, in comparison to a "person" in whom liability could be created suggests that Congress intended like entities to be subsumed in the Subrogation Statute. Therefore, DOL's interpretation is reasonable and Hutchins is liable for the reimbursement of benefits paid to her under the FECA.

Furthermore, the court need not consider the issue of sovereign immunity. Upon reflection, this court determines that whether DOL could maintain a direct action against the Town of Ninety-Six should be left for another day because, in this case, Hutchins actually brought an action against the Town in her own right. The relevant question before the court now is whether the Town of Ninety-Six, as the liable third-party from whom Hutchins has successfully recovered compensation for her injuries, is a "person" such that the amount Hutchins received is subject to subrogation under the statute. As discussed above, the Town of Ninety-Six is a "person" for purposes of the Subrogation Statute as it applies to Hutchins's circumstances. Therefore, DOL appropriately asserted its claim for reimbursement.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment [Doc. # 36] is **DENIED** and Defendants' Motion for Summary Judgment [Doc. # 39] is **GRANTED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

March 30, 2011
Greenville, South Carolina